# Exhibit 4



# Firm Resume

The law firm of Shalov Stone Bonner & Rocco LLP represents clients in a wide variety of litigation, with an emphasis on class, derivative and other complex actions on behalf of investors and consumers. A majority of the firm's cases involve federal or state securities laws, consumer fraud statutes, product liability claims or corporate governance matters. The firm also actively prosecutes and defends claims on behalf of financial institutions and pension funds, including several banks in New York City and Long Island and the public pension funds of the State of New Jersey, and it represents parties in client/broker disputes, litigations involving discrimination claims, product liability matters and general commercial disputes. The firm maintains offices in New York City and Morristown, New Jersey.

In pursuing its clients' interests, Shalov Stone Bonner & Rocco LLP draws upon its members' experience at the nation's largest firm specializing in the representation of defrauded investors and consumers as well as their experience representing Fortune 500 companies at some of New York's elite defense firms. The firm is committed to achieving favorable results for its clients in the most expeditious and economical manner possible.

In October 2000, in approving a class action settlement achieved by Shalov Stone Bonner & Rocco LLP as Lead Counsel, Judge Cote of the Southern District of New York commented of the firm:

> I felt at every step of the case that you were extraordinarily competent, diligent, responsible, helpful to this court and appropriate in your conduct of this case, and I think the class was well served by your representation of them, very well served.[1]

Similarly, in approving the settlement of the *Cyberguard Securities Litigation* in April 2004, in which Shalov Stone Bonner & Rocco LLP was Co-Lead Counsel, United States Magistrate Judge Andrea M. Simonton in the Southern District of Florida commented:

> I think that the result was an outstanding result. ... [Q]uite frankly, I think that if you didn't have that caliber of counsel on the plaintiffs' side, there is no way that these shareholders would be looking at the recovery that they are and, in my experience, it is a substantial recovery.[2]

---

[1] Transcript of hearing in *Varljen v. H.J. Meyers & Co., Inc.*, No. 97 Civ. 6742 (DLC) (October 27, 2000) at 30.

[2] Transcript of hearing in *Cheney v. Cyberguard Corp.*, Case No. 98-6879 CIV-Gold (April 16, 2004) at 47.

Likewise, in approving a $20.5 million settlement achieved by the firm in *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Judge Baer of the Southern District of New York commented that he viewed the firm's work product to be of high quality, and found that "certainly, the class was ably represented and the ensuing settlement is commendable."[3] The *Dreyfus* settlement represented a recovery of approximately 98% of the losses suffered by the class in that case.

In 2002, the firm was appointed by the New Jersey Attorney General as special counsel to the State of New Jersey public pension funds, and, among other things, is now prosecuting claims on behalf of New Jersey's pension funds arising from their investment losses suffered on investments in Tyco International.

In recent years, the firm has been appointed Lead Counsel or Co-Lead Counsel for Plaintiffs in several significant federal securities class actions, including: *In re Lernout & Hauspie Speech Products NV Securities Litigation* (D. Mass.) (settlements totaling over $180 million); *In re Winstar Comm. Sec. Litig.* (S.D.N.Y.) (settlements totaling over $30 million); *In re TEAM Communications Securities Litigation* (C.D. Cal.) (settled for $12.5 million); *In re Recoton Securities Litigation* (M.D. Fla.); *In re Crayfish Inc. Securities Litigation* (S.D.N.Y.) (settled for $9 million); *In re Intershop Communications AG Securities Litigation* (N.D. Cal.) (settled for over $3 million); *In re Dreyfus Aggressive Growth Mutual Fund Litigation* (S.D.N.Y.) (settled for $20.5 million); *In re Baan Company Securities Litigation* (D.D.C.) (settled for $32 million); *Cheney v. Cyberguard Corp.* (S.D. Fla.) (settled for $10 million); *Cooper, et al. v. CPS Systems, Inc., et al.* (N.D. Tex.) (settled for $3.44 million); *In re Mitcham Industries Securities Litigation* (S.D. Tex.) (settled for $2.7 million); *Baker v. Health Management Systems, Inc., et al.* (E.D.N.Y.) (settled for $2.45 million); *Yuan v. Bayard Drilling Technologies, Inc., et al.* (W.D. Okla.) (settled for $3.1 million); *Varljen, et al. v. H.J. Meyers & Co., Inc., et al.* (S.D.N.Y.) (settled for more than $5 million).

The firm has also played a leading role and obtained substantial recoveries in a number of consumer class actions. The firm's major consumer class action recoveries include: *Baird, et al. v. Thomson Consumer Electronics, Inc.*, Case No. 00-L-000761 (Madison Cty., Ill.) (over $100 million settlement in cash and other benefits on behalf of persons who purchased certain RCA and GE television sets); *Fundock, et al. v. Matsushita Electric Corporation of America and JVC Americas Corp.*, Docket No. L-7552-00 (Middlesex Cty., N.J.) (settlement for cash and enhanced warranty benefits on behalf of persons who purchased certain Panasonic and JVC DVD players).

---

[3] Order, *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, No. 98 Civ. 4318, June 22, 2001, 2001 U.S. Dist. LEXIS 8418.

# Professional Biographies

The members and associates of Shalov Stone Bonner & Rocco LLP are Lee S. Shalov, Ralph M. Stone, James P. Bonner, Patrick L. Rocco, Thomas G. Ciarlone, Jr., and Amanda C. Scuder.

**Lee S. Shalov** is a graduate of Boston University and the John Marshall Law School. He is a member of the bars of the State of New York and the Southern and Eastern Districts of New York. He is also a member of the American Bar Association, the New York State Bar Association and the New York County Lawyers Association, where he is a member of the Class Action Committee.

Mr. Shalov has litigated numerous class action lawsuits that have generated substantial recoveries for investors, shareholders and consumers nationwide. Those litigations include: *In re Baan Company Sec. Litig.*, where Mr. Shalov played a leading role in a class action alleging claims under the federal securities fraud laws that resulted in a $32.5 million recovery for the class; *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, where Mr. Shalov was one of the principal counsel in a securities class action that resulted in a $18.5 million settlement on behalf of investors in the Dreyfus Aggressive Growth Fund; and *Baird v. Thomson Consumer Electronics*, where Mr. Shalov was lead counsel in a class action that made available $100 million in cash and other benefits to purchasers of defective television sets. Mr. Shalov has been regularly cited in the press for his innovative efforts on behalf of aggrieved consumers and investors.

Mr. Shalov has also served as principal counsel in a number of cases in which he has secured favorable reported decisions for his clients in litigations involving significant issues related to the federal securities laws, state consumer protection laws and the obligations of corporate fiduciaries. Those reported decisions include: *In re Time Warner Inc. Securities Litigation*, 9 F.3d 259 (2d Cir. 1993), where the United States Court of Appeals for the Second Circuit reversed the trial court's dismissal of a complaint alleging claims under the federal securities laws; *Chrysogelos v. London*, C.A. No. 11910, 1992 Del. Ch. LEXIS 61 (Del. Ch. Mar. 25, 1992), where a complaint alleging derivative claims for breach of fiduciary duty was sustained by the Delaware Court of Chancery; and *Ghandour v. Shearson Lehman Hutton, Inc.*, 570 N.Y.S.2d 541 (1st Dep't 1991), where the New York Appellate Division reversed the lower court's dismissal of a complaint alleging claims for breach of fiduciary duty.

**Ralph M. Stone** is a graduate of Columbia College and the University of Texas School of Law. At the University of Texas School of Law, he served as Notes Editor of *The Review of Litigation*. During law school, Mr. Stone served as a Judicial Extern in the Chambers of the Honorable Consuelo B. Marshall, United States District Judge, Central District of California. Mr. Stone is admitted to practice in the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Sixth and Eleventh Circuits. Mr. Stone serves as an Arbitrator in the New York City Civil Court, Small Claims Part and sat on the Consumer Affairs Committee of the Association of the Bar of the City of New York. Mr. Stone was the Secretary of that committee in 1996-1997. He is also a member of the American Bar Association. Mr. Stone is also currently serving as a Court-appointed Receiver in an SEC insider trading disgorgement case pending in the U.S. District Court for the Southern District of New York.

From 1990 to 1992, Mr. Stone was associated with Mayer, Brown & Platt, where he was involved in a variety of commercial litigation. Mr. Stone was an associate at the law firm of Milberg Weiss from 1992 until August of 1997. At Milberg Weiss, Mr. Stone's practice focused primarily upon the representation of investors and consumers in litigation involving the federal securities laws, consumer fraud statutes and the fiduciary obligations of corporate officers and directors.

Some of the more significant litigations in which Mr. Stone has played a principal role include: *Varljen v. H.J. Meyers & Co.*, a market manipulation and securities fraud class action that resulted in recoveries for an investor class in excess of $5 million; *In re Banpais Securities Litigation*, a class action involving claims under the Securities Act of 1933 that resulted in a $9.25 million settlement; *In re Gitano Securities Litigation*, a securities fraud class action that settled for more than $15 million; *Andrews v. American Telephone & Telegraph Co.*, a consumer fraud class action that resulted in a $60 million partial settlement on behalf of consumers allegedly defrauded in connection with 900 number "sweepstakes" phone calls; and *In re Regeneron Securities Litigation*, a securities fraud class action that resulted in a settlement of $4 million.

Mr. Stone's reported decisions include: *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 620, 804 A.2d 180 (Conn. 2002); *In re Baan Company Securities Litigation*, 81 F. Supp. 2d 75 (D.D.C. 2000); *Milman v. Box Hill Systems Corp.*, 72 F. Supp. 2d 220 (S.D.N.Y. 1999); *Varljen v. H.J. Meyers & Co.*, [1998 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 90,259 (S.D.N.Y. 1998); *Saddle Rock Partners, Ltd. v. Hiatt*, [1996-97 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 99,413 (W.D. Tenn. 1996); and *Sikes v. American Telephone & Telegraph Co.*, 841 F. Supp. 1572 (S.D. Ga. 1993).

**James P. Bonner** is a *cum laude* graduate of Harvard Law School and a *summa cum laude* graduate of Rutgers University. At Rutgers, Mr. Bonner was a member of the Phi Beta Kappa and Pi Sigma Alpha Honors Societies. He is a member of the bars of New York, New Jersey, and the District Courts for the Southern and Eastern Districts of New York and the District of New Jersey. Mr. Bonner is also a member of the Association of the Bar of the City of New York.

Mr. Bonner was an associate at the New York City law firm of Cahill Gordon & Reindel from 1992 to 1994 and was associated with the firm of Milberg Weiss from 1994 to 1997. His practice has included a wide variety of litigation matters involving the federal securities and antitrust laws, shareholder class and derivative actions, consumer class actions, insurance law and various other commercial matters.

The litigations in which Mr. Bonner has played a principal role include: *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, a securities class action brought on behalf of investors in two Dreyfus mutual funds that resulted in one of the largest ever recoveries by mutual fund investors; *In re Coram Healthcare Securities Litigation*, a federal securities fraud class action that resulted in a recovery of over $49 million for the class, one of the largest recoveries ever achieved in the District of Colorado; *J/H Real Estate v. Abramson*, a securities fraud class action that resulted in a $22 million settlement on behalf of U.S. Healthcare investors, one of the largest settlements ever in a securities fraud class action prosecuted in the Eastern District of Pennsylvania; *In re Genentech Shareholders Litigation*, a class and derivative litigation that resulted in the ouster of the Chief Executive Officer of Genentech as well as improvements in a corporate transaction valued at $15 million from the perspective of Genentech shareholders; *Shaw v. Digital Equipment Corp.*, a securities fraud

class action in which the United States Court of Appeals for the First Circuit reversed the lower court's decision dismissing the plaintiffs' complaint, thereby strengthening the disclosure obligations imposed upon corporations and underwriters in the context of public offerings; and *Baird, et al. v. Thomson Consumer Electronics, Inc.*, a recently settled class action brought on behalf of purchasers of certain RCA and Proscan televisions in which consumers were provided with a 100% recovery for any repair costs that they incurred as a result of the problems addressed by the *Baird* action.

**Patrick L. Rocco** is a *cum laude* graduate of Rutgers Law School and received his undergraduate degree, *cum laude*, from Rutgers College. While in law school, Mr. Rocco was an Associate Articles Editor for the *Rutgers Law Review*. Mr. Rocco is admitted to practice in New York and New Jersey, as well as the United States Supreme Court and the United States District Courts for the Southern District of New York and the District of New Jersey. Following law school, Mr. Rocco served as Law Clerk to United States District Judge Dickinson R. Debevoise in the District of New Jersey. He then was an associate with the New York City law firm of Cahill Gordon & Reindel for five years, where his practice focused primarily upon federal securities law and commercial litigation.

From 1995 to 2001, Mr. Rocco served as an Assistant U.S. Attorney in the District of New Jersey, prosecuting and trying numerous cases, including securities fraud, bank fraud, mail fraud, insurance fraud and tax fraud cases. Mr. Rocco's outstanding achievements at the U.S. Attorney's office resulted in several awards and honors, including the U.S. Attorney's Special Achievement Award following the successful trial and conviction of six defendants in a cocaine, firearms and kidnaping conspiracy, and in which two of the defendants were sentenced to life without parole. That case also culminated in a published opinion by the U.S. Supreme Court in *United States v. Jacinto Rodriguez-Moreno*, 526 U.S. 275 (1999), wherein the Supreme Court reversed the Court of Appeals and reinstated the only conviction to have been previously reversed in the case. In 1996, Mr. Rocco received a Letter of Commendation from the Director of the FBI for the successful trial and fraud conviction of a high-ranking official of the company that ran the New York and New Jersey state lotteries, resulting in a substantial prison term. In September 1998, Mr. Rocco was nominated by the U.S. Attorney for the District of New Jersey to be an instructor at the U.S. Department of Justice's Trial Advocacy Institute. In January 2001, Mr. Rocco received the U.S. Inspector General's Integrity Award for his outstanding achievements in the successful prosecution of healthcare fraud.

In 2001 and 2002, Mr. Rocco was associated with the law firm of Milberg Weiss, where he played a leading role in prosecuting various securities class action lawsuits. Since joining the firm, Mr. Rocco has handled several complex cases, including acting as co-lead counsel for the class plaintiffs in *In re: Lernout & Hauspie Speech Products N.V. Securities Litigation* pending in U.S. District Court for the District of Massachusetts, and counsel for several New Jersey Pension funds in *In re: Tyco Securities Litigation* pending in U.S. District Court in New Hampshire.

**Thomas G. Ciarlone, Jr.**, an Associate at the Firm, graduated from Cornell Law School in 2001, and received his B.A., *magna cum laude*, in politics and sociology from New York University in 1998. At Cornell Law School, Mr. Ciarlone was a member of the *Cornell International Law Journal*. He also assisted Professor James A. Henderson, Jr., co-reporter for the *Restatement (Third) of Torts: Products Liability*, with several articles that defended the Third Restatement's approach to design defect.

While at N.Y.U., he was elected to *Phi Beta Kappa* and *Alpha Kappa Delta*, and was named both a Founder's Day and a Dean's Circle Scholar.

From 2001 to 2003, Mr. Ciarlone was associated with Cummings & Lockwood in that firm's Trial Group.

Mr. Ciarlone has authored or contributed to articles that have appeared in a number of publications, including the *Connecticut Law Tribune* and the *Quinnipiac Health Law Journal*. His articles include *Medical Malpractice Cases In Connecticut: Infertile Grounds For Bystander Emotional Distress Claims*, which appeared in Volume VI of the *Quinnipiac Health Law Journal*, and he co-authored *Cybersmear May Be Coming to a Website Near You: A Primer for Corporate Victims*, which appeared in *Defense Counsel Journal* (January 2003).

Mr. Ciarlone is admitted to practice in the courts of New York, Connecticut and the District of Columbia. He is also admitted to the Bars of the U.S. District Courts for the Southern District of New York, the Eastern District of New York and the District of Connecticut. He is a member of the American Bar Association, New York State Bar Association, Connecticut Bar Association, and New York County Lawyers' Association.

**Amanda C. Scuder**, an Associate at the firm, received her J.D. from American University, Washington College of Law in 2002, and received her B.A. from Smith College in 1997. Ms. Scuder was a member of American Univeristy's *Journal of Gender, Social Policy & the Law*, which published her Comment, *The Inapplicability of Parental Consent Laws to the Distribution of Mifepristone (RU-486) to Minors*. From 2002 to 2004, Ms. Scuder was an associate at Morelli Ratner PC, where she helped establish and chaired the VIOXX division of that firm's pharmaceutical litigation department. Ms. Scuder is admitted to practice in New York. She is also admitted to the Bars of the U.S. District Courts for the Southern District of New York and the Eastern District of New York. She is a member of the New York County Lawyers' Association.